## Price et al. v. Lightfoot Land & Mortgage Co.

April 29, 1941.

P. H. Vincent for appellants.

C. A. Lycan and E. E. Adams for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The Lightfoot Land & Mortgage Company instituted this ejectment proceeding against Sterling Price and the other appellants, all of whom are children of Cleve Price. The Land Company alleged that it owned a 3,000-acre tract of land in Lawrence County and that the appellants were unlawfully holding a portion thereof. The appellants filed an answer and counter-claim in which they denied that the Land Company was the owner of the tract of land described in its petition and they set up their claim to a portion (several hundred

acres) of the tract. Both parties offered considerable proof in support of their claims.

The trial court gave the following instruction:

"If the jury believe from the evidence that Cleve Price lived on and occupied the land in dispute as the tenant of the Lightfoot Land & Mortgage Company or those under whom it claims, and that his heirs after him have done so, and that thus the plaintiff, Lightfoot Land & Mortgage Company, and those under whom it claims have been in the actual adverse possession of the land in dispute continuously for a period of as long as fifteen (15) years, claiming said lands as their own through said tenants, if such they were, then the Lightfoot Land & Mortgage Company and those under whom it claims became vested with title to said land, the jury should find for the plaintiff; but if the jury should believe from the evidence that Cleve Price had the actual adverse possession of the land in dispute, claiming it as his own continuously and uninterruptedly for as long as fifteen (15) years, claiming the same openly and adversely to all others, or if the jury believe from the evidence that his heirs after him did so, then the jury should find for the defendants."

The jury found for the Land Company. The appellants offered no objection to the aforementioned instruction and took no exception thereto. Those of the appellants who filed motion and grounds for a new trial made no objection therein to the instruction. Under the circumstances the appellants can not now be heard to complain of it. Girtman's Adm'r v. Akins, 275 Ky. 2, 120 S. W. (2d) 660; Perkins-Bowling Coal Corp. v. Maryland Casualty Co., 246 Ky. 493, 55 S. W. (2d) 378.

This leaves only the question as to whether or not the verdict is the result of passion and prejudice on the part of the jury toward the appellants. Having reached the conclusion that it was not, and that there is no basis for the contention that a peremptory instruction should have been given in favor of the appellants, it is unnecessary for us to consider the Land Company's motion to dismiss the appeal as to certain of the appellants because of agreements entered into by them after the entry of the judgment below.

We will briefly summarize the basis of the claims of the parties. The appellants contend that their father, Cleve Price, entered upon the land claimed by them under a parol contract of gift from H. S. Southard, in 1892, and that he remained thereon and claimed it as his own until his death in 1923, and that since that time they have held the land and claimed it as their own. However, one of the appellants' witnesses testified that a man by the name of Huffaker gave the land to Cleve Price in 1904. The appellees advanced proof to the effect that Huffaker had no interest in the land at that time and that it was owned by the Crown Lumber Company. The appellants also offered proof that their father had erected buildings upon the land, fenced it and paid no rent to the Company or its predecessors. To offset proof that they had done certain things and made certain statements in regard to looking after the Company's land they said that the land thus referred to was land other than the tract claimed by them. The Company showed paper title to the whole of the 3,000-acre tract, and that it had paid taxes on it for a number of years. It offered proof to the effect that Cleve Price and the appellants occupied the land as tenants; that the Crown Lumber Company cut timber from a good part of the land, including some of that claimed by the Prices in 1904, without question being raised as to title at that time; that core drills for tests for coal were run in 1913 without question of title being raised; that question of title was not raised when lessees began oil and gas operations in 1930 on 1,000 acres of the 3,000-acre tract, including a part at least of the land claimed by the Prices; that residents of the vicinity said that they had never heard the Prices make claim to the land; and that no such claim was made until shortly before the commencement of this action. There was clearly an issue made as to the claims of the parties to the land in dispute. We have noted that no objection was raised by the appellants to the instruction given by the trial judge.

Complaint as to passion and prejudice on the part of the jury is directed to influences said to have been exerted by the parties operating the 1,000-acre oil and gas lease and a resident of Lawrence County, who seems to have been connected with, or contemplated becoming connected with, these lessees. These parties appear to

be interested in purchasing all of the 3,000-acre tract from the Company. The Company is located in Louisville and the oil and gas lessees are residents of Johnson County. We find no basis whatever for the complaint as to passion and prejudice on the part of the jury toward the appellants.

Wherefore, the judgment is affirmed.